**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **AK STEEL CORPORATION,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:10-cv-00255-MRB |
| v. | : | |
| | : | |
| **DONALD EARLEY, DONA ASHBY
AND JONATHAN SALISBURY,** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Donald Earley, Dona Ashby and Jonathan Salisbury ("Defendants"), by and through their undersigned counsel, respectfully submit their Answer and Affirmative Defenses to Plaintiff AK Steel Corporation's Complaint and Request for Preliminary and Permanent Injunction ("Complaint") in the above-captioned case.

## ANSWER

Defendants answer the specific allegations of the Complaint as follows. The numbered paragraphs of the Answer correspond with the numbered paragraphs of the Complaint.

1.    Answering paragraph 1 of the Complaint, Defendants admit that Plaintiff has brought this suit seeking injunctive relief and damages. Answering further, Defendants admit that after resigning from Plaintiff, they accepted positions with ThyssenKrupp Steel USA, LLC, one of Plaintiff's competitors. Defendants deny the remaining allegations set forth in paragraph 1 of the Complaint.

2.      Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3.      Answering paragraph 3 of the Complaint, Defendants admit that they signed  a document with "an Ohio-based corporation," and that Plaintiff resides in Butler County, Ohio. Defendants deny the remaining allegations set forth in paragraph 3 of the Complaint.

4.      Answering paragraph 4 of the Complaint, Defendants admit that Defendant Earley was previously employed by Plaintiff.  Defendants deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.      Answering paragraph 5 of the Complaint, Defendants admit that Defendant Ashby was previously employed by Plaintiff.  Defendants deny the remaining allegations set forth in paragraph 5 of the Complaint.

6.      Answering paragraph 6 of the Complaint, Defendants admit that Defendant Salisbury was previously employed by Plaintiff.  Defendants deny the remaining allegations set forth in paragraph 6 of the Complaint.

7.      Answering paragraph 7 of the Complaint, Defendants admit that Plaintiff operates production facilities in the United States.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations that are set forth in paragraph 7 of the Complaint, and therefore deny those allegations.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that are set forth in paragraph 8 of the Complaint, and therefore deny those allegations.

9.      Answering paragraph 9 of the Complaint, Defendants admit that ThyssenKrupp is a competitor of Plaintiff with respect to some products, and that ThyssenKrupp has a facility in Calvert, Alabama that will produce both carbon and stainless steel.  Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations that are set forth in paragraph 9 of the Complaint, and therefore deny those allegations.

### Earley's Employment With AK Steel

10.     Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11.     Answering paragraph 11 of the Complaint, Defendants state paragraph 11 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12.     Answering paragraph 12 of the Complaint, Defendants admit that Defendant Earley signed a copy of the document attached as Exhibit A to the Complaint.  Answering further, Defendants state that Exhibit A speaks for itself.  Defendants deny the remaining allegations set forth in paragraph 12 of the Complaint.

13.     Answering paragraph 13 of the Complaint, Defendants state that the document attached as Exhibit A to the Complaint speaks for itself.  To the extent paragraph 13 sets forth any substantive allegations, Defendants deny those allegations.

14.     Answering paragraph 14 of the Complaint, Defendants state paragraph 14 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.     Answering paragraph 15 of the Complaint, Defendants state paragraph 15 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Defendants state paragraph 16 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 16 of the Complaint.

### Ashby's Employment With AK Steel

17.     Defendants admit the allegations set forth in paragraph 17 of the Complaint.

18.     Answering paragraph 18 of the Complaint, Defendants state paragraph 18 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19.     Answering paragraph 19 of the Complaint, Defendants admit that Defendant Ashby signed a copy of the document attached as Exhibit B to the Complaint.  Answering further, Defendants state that Exhibit B speaks for itself.  Defendants deny the remaining allegations set forth in paragraph 19 of the Complaint.

20.     Answering paragraph 20 of the Complaint, Defendants state that the document attached as Exhibit B to the Complaint speaks for itself.  To the extent paragraph 20 sets forth any substantive allegations, Defendants deny those allegations.

21.     Answering paragraph 21 of the Complaint, Defendants state paragraph 21 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Answering paragraph 22 of the Complaint, Defendants state paragraph 22 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To

the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     Answering paragraph 23 of the Complaint, Defendants state paragraph 23 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 23 of the Complaint.

## Salisbury's Employment With AK Steel

24.     Answering paragraph 24 of the Complaint, Defendants admit that Defendant Salisbury began working for Plaintiff in or around October 1993, and that he resigned his employment.   Defendants deny the remaining allegations set forth in paragraph 24 of the Complaint.

25.     Answering paragraph 25 of the Complaint, Defendants state paragraph 25 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     Answering paragraph 26 of the Complaint, Defendants admit that Defendant Salisbury signed a copy of the document attached as Exhibit C to the Complaint.  Answering further, Defendants state that Exhibit C speaks for itself.  Defendants deny the remaining allegations set forth in paragraph 26 of the Complaint.

27.     Answering paragraph 27 of the Complaint, Defendants state that the document attached as Exhibit C to the Complaint speaks for itself.  To the extent paragraph 27 sets forth any substantive allegations, Defendants deny those allegations.

28.     Answering paragraph 28 of the Complaint, Defendants state paragraph 28 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, Defendants state paragraph 29 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Answering paragraph 30 of the Complaint, Defendants state paragraph 30 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 30 of the Complaint.

**Earley's Resignation And Defendants' [Alleged] Unlawful Conduct**

31.     Answering paragraph 31 of the Complaint, Defendants admit that Defendant Earley resigned his employment with Plaintiff.  Answering further, Defendants admit that prior to his resignation, Defendant Earley sent various emails from his AK Steel email address to his personal email address.  Defendants deny the remaining allegations set forth in paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, Defendants admit that Defendant Earley began employment with ThyssenKrupp Steel USA at its Calvert, Alabama facility after his resignation from Plaintiff.  Defendants deny the remaining allegations set forth in paragraph 32 of the Complaint.

33.     Defendants admit the allegations set forth in paragraph 33 of the Complaint.

34.     Answering paragraph 34 of the Complaint, Defendants admit that Ashby expressed to Earley an interest in obtaining a position with ThyssenKrupp Steel USA, and that Earley responded that he would look into Ashby's request.  Defendants deny any remaining allegations set forth in paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Answering paragraph 37 of the Complaint, Defendants admit that Defendant Salisbury sent Defendant Earley an email on July 8, 2009.  Defendants deny the remaining allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Answering paragraph 39 of the Complaint, Defendants admit that Defendant Ashby and Defendant Earley exchanged emails on or around September 14 and September 15, 2009 discussing the possibility of Defendant Ashby obtaining a position with ThyssenKrupp Steel USA.  Defendants deny the remaining allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43     Answering paragraph 43 of the Complaint, Defendants admit that after resigning their employment with Plaintiff, Defendants Ashby and Salisbury obtained positions at ThyssenKrupp Steel USA in Calvert, Alabama.  Defendants deny the remaining allegations set forth in paragraph 43 of the Complaint.

## COUNT 1

### (Alleged Breach of Contract)

44.     Defendants adopt and incorporate by reference their denials and responses to Paragraphs 1 through 43 of Plaintiff's Complaint as if set forth specifically herein.

45.     Answering paragraph 45 of the Complaint, Defendants state paragraph 45 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     Answering paragraph 46 of the Complaint, Defendants state paragraph 46 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.     Defendants deny the allegation set forth in paragraph 48 of the Complaint.

## COUNT 2

### (Ohio's Uniform Trade Secrets Act)

49.     Defendants adopt and incorporate by reference their denials and responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if set forth specifically herein.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint.

## COUNT 3

### (Alleged Breach of Duty of Loyalty)

54.     Defendants adopt and incorporate by reference their denials and responses to Paragraphs 1 through 53 of Plaintiff's Complaint as if set forth specifically herein.

55.     Answering paragraph 55 of the Complaint, Defendants state paragraph 55 recites legal conclusions to which no responsive pleading by Defendants can or should be framed.  To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint.

## COUNT 4

### (Alleged Breach of Common-Law Duties of Nondisclosure)

60.     Defendants adopt and incorporate by reference their denials and responses to Paragraphs 1 through 59 of Plaintiff's Complaint as if set forth specifically herein.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63.     Answering the "WHEREFORE" and "FURTHERMORE" clauses (and subparagraphs (1) through (4) and (a) through (g)) immediately following Paragraph 62 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever, whether contained in the "WHEREFORE" and/or "FURTHERMORE" clauses and their sub-paragraphs, or otherwise.

64.     Except as specifically admitted hereinabove in response to the numbered paragraphs and unnumbered paragraphs, Defendants deny any and all other claims or allegations which are raised or may have been raised by or in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Answering further, and by way of defense, Defendants state as follows:

### 1.

Plaintiff's Complaint fails to state a claim upon which relief may be granted to the extent that it fails to allege each and every element of each and every cause of action Plaintiff attempts to raise.

### 2.

Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff has failed to mitigate its damages.

### 3.

Plaintiff's punitive and exemplary damages claims are barred because Defendants did not engage in any conduct that would rise to the level required to sustain an award of punitive or exemplary damages.

4.

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, acquiescence, and Plaintiff's failure to act in good faith and with "clean hands."

5.

Plaintiff has waived and/or is estopped to assert these claims against Defendants by virtue of its breach of its obligations to Defendants under the underlying agreements; by allowing those agreements to expire; and/or by otherwise failing to take reasonable or adequate measures to protect the allegedly legitimate business interests and trade secrets.

6.

Plaintiff's willing, continuing and unrestricted disclosure of its alleged trade secrets and confidential information to third parties precludes any claim against Defendants premised upon the existence of trade secrets and confidential information.

7.

Plaintiff cannot demonstrate that its remedies at law are inadequate, or that irreparable harm will occur if an injunction is not issued.  Specifically, Plaintiff has failed to show that it cannot determine with relative certainty the amount of damages it has or will have suffered from Defendants' alleged conduct.  Moreover, Plaintiff cannot demonstrate imminent and/or irreparable harm.

8.

The threatened injury to Plaintiff does not outweigh the threatened harm the grant of the injunction may inflict on Defendants.

9.

Plaintiff cannot demonstrate at least a reasonable likelihood of success at trial by establishing a *prima facie* case on any of its claims.  Plaintiff's alleged trade secrets and confidential information is not in fact either confidential nor a trade secret.

10.

This Court does not have personal jurisdiction over Defendants.

11.

The venue of this action is improper.

12.

Because the venue of this action is improper as to all Defendants, this action should be transferred to the proper venue.

13.

The information that Plaintiff alleges to be trade secrets is generally known and available in the industry through proper means.

14.

The Complaint fails to allege facts sufficient to entitle Plaintiff to recover the remedies sought, and Defendants did not engage in any conduct that would enable Plaintiff to recover the remedies sought, whether injunctive relief, monetary damages, attorneys' fees and costs, or other and further equitable relief.

15.

Defendants reserve the right to assert any additional affirmative defenses, and other defenses, as established by the facts of the case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety with prejudice and that Defendants be awarded all costs and attorneys' fees incurred in the defense of this action and such further relief as the court deems just and proper.

Respectfully submitted this 28th day of April, 2010.


Respectfully submitted,


/s/ Thomas M.L. Metzger
Thomas M. L. Metzger  (#0059694)
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, OH  43215
Telephone:   614.463.4201
Facsimile:    614.221.3301
Email:         tmetzger@littler.com

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of April, 2010, a copy of the foregoing was filed via the electronic filing system and was served upon:

> Justin D. Flamm, Esq.
> Ryan M. Martin, Esq.
> Taft Stettinius & Hollister LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, Ohio 45202
> *Attorneys for Plaintiff*

> */s/ Thomas M.L. Metzger*
> An Attorney for Defendants

Firmwide:95163094.1 059136.1037

14